OLESKY *v.* DISHNEAU-PETERSON SHOE CO.

CONTRACTS—CONSTRUCTION—DIRECTED VERDICT.

> In an action by an employee on a written contract of employment providing for a certain weekly wage and certain commissions on sales made in addition thereto, the interpretation placed on the contract by the employer, *held*, correct, and a verdict should have been directed in accordance therewith.

Error to Gogebic; Sample (George W.), J., presiding. Submitted April 20, 1927. (Docket No. 133.) Resubmitted October 26, 1927. Decided February 14, 1928.

Assumpsit by Anton J. Olesky against the Dishneau-Peterson Shoe Company on a contract of employment. Judgment for plaintiff on a directed verdict. Defendant brings error. Reversed.

*Waples & Waples,* for appellant.

*Jones & Patek,* for appellee.

CLARK, J. Plaintiff was employed as a clerk in defendant's retail store in Ironwood during 1925 and one week in January, 1926. After plaintiff left the employment a dispute arose over the meaning of the following language quoted from the governing writing between them:

"I will give you thirty dollar a week 1/0 per cent. on all your sales, everything over 33500.00 I will give you 1/0 per cent. on *all sales* made. over 40,000 I will give you 2/0 *on all* sale made."

Plaintiff had been paid the wages and the commission

Contracts, 13 C. J. § 1032.

of 1% on his own sales during 1925.   Admittedly defendant was indebted to him in the sum of $30.96 for wages and commission of 1% on his own sales for the week in January, 1926.

To state the contentions of the parties, we quote from a brief:

"The plaintiff claimed besides his 1925 wages and commission of $1,869.69 and in addition to such $30.96, 2% on the entire gross sales of the business in 1925, admitted to amount to $41,187.49 or $823.75 and $14 interest, a total of $868.71.   The lower court directed a verdict in his favor for $868.70 and costs.   *   *   *

"The defendant, insisting that the contract, properly construed, provided for compensation at a $30 weekly wage, 1% commission on his own sales (both of which items, excepting $30.96, admittedly have been paid), 1% on all sales made in the shop between $40,000 and $41,187.49, on April 13, 1926, made a formal offer of judgment of $133.58 and costs to date of the offer. This offer was renewed in open court on the trial.

"This sum offered is composed as follows:

| | |
|---|---|
| 1:1% on the difference between $33,500 and $41,187.49 ($7,687.49) ........................ | $76.87 |
| 2:2% on the difference between $40,000 and $41,187.49 ($1,187.49) ........................ | 23.75 |
| 3:Wages for one week ($30.00) and 1% commission on personal sales made.............. | 30.96 |
| 4:To cover interest at 5% annually on above items (amounting to $1.87).................. | 2.00 |
| Total ....................................... | $133.58 |

"This offer of judgment was ignored by the plaintiff, who holds uncashed the defendant's checks for $88.75 and $30.96, offered."

Defendant requested an instruction for verdict against it in the sum of $133.58 and was refused.

We think the writing is capable of no other interpretation than that placed on it by defendant, and that therefore the requested instruction of verdict against it in the sum of $133.58 ought to have been given.

The judgment therefore is reversed, with costs of this court to defendant.    New trial granted.

NORTH, FELLOWS, WIEST, McDONALD, and SHARPE, JJ., concurred.

Chief Justice FLANNIGAN and the late Justice BIRD took no part in this decision.